No. 598

KRAWETSKI v. NOWAK et. °

Ohio Appeals, 6th Dist., Lucas Co.

No. 1661. Decided April 8, 1926

997. REAL ESTATE—Where property subject to land contract has been sold by holders of legal title, and such contract contains provisions relative to making improvements and giving of deeds, they will be enforced in equity against successors in title to the original contractors.

RICHARDS, J.

This action arose in the Lucas Common Pleas, Bertha Krawetski and William Krawetski, the purchasers of lots under land contracts, asking for specific performance and damages of Stephen P. Nowak, the owner of said lots.

It appears from the evidence that these lots were purchased of F. E. Brint and B. H. Welling, the title remaining in them. While the purchasers were making payments the titles to the lots was transferred to M. Moyer, subject to the land contract, and then later transferred to Nowak.

The land contract executed by Brint and Welling contained provisions that they were to install various improvements on these lots, which provisions were never complied with, nor were deeds ever given the purchasers.

Common Pleas ordered an execution of the deeds and entered judgment for damages for failure to make the improvements. Nowak appealed from this decision. The Court of Appeals held:

1. A court of equity may award specific performance and damages from successors in title who fail to carry out the provisions of a land contract.

2. The successors in title knew of the provisions in the land contract and will not be permitted to receive the benefits of the contract without incurring the obligations thereof.

3. The duty of making the improvements provided in land contracts is a continuing one resting not only on the original contractor, but also upon the subsequent grantees.

Judgment of Common Pleas affirmed.

Attorneys—Kirkbride, McCabe & Boesel, Toledo, Kruger & Rosino, Sandusky, for Krawetski; O. W. Nelson, E. H. Ray, E. E. Davis and A. R. Nowak, Toledo, for Nowak.